JOHN R. EMERY, FREDERIC W. STEVENS, EUGENE STEVENSON, EDMUND B. LEAMING, JAMES E. HOWELL, VIVIAN M. LEWIS, JOHN H. BACKES AND JOHN GRIFFIN, VICE-CHANCELLORS.

CHARLES A. McCORMICK

*v.*

THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEW BRUNSWICK et al.

[Decided March 7th, 1914.]

1. Irregularity in the proceedings of municipal corporations cannot be made a ground for relief in equity; the supreme court is the proper tribunal in which to review the action, and correct the errors, of inferior tribunals.

1

2. Cases in which chancery will interfere with municipal corporations must be marked by some well-defined principle of equity.

3. If the price to be paid for a public improvement be so excessive as to shock the conscience, a court of equity may properly interfere by injunction to save the municipality's money from willful waste or fraudulent diversion.

On order to show cause why injunction should not issue.

*Mr. Theodore Strong,* for the complainant.

*Mr. George S. Silzer,* for the defendant Jelin, and *Mr. Charles E. Tindell,* for the defendant New Brunswick.

WALKER, CHANCELLOR.

The bill of complaint prays an injunction restraining the city of New Brunswick from including in its budget of appropriations for the present year and from paying to the defendant Jelin, the sum of $4,500, and restraining him from receiving or collecting it. The sum mentioned was agreed upon between Jelin and the city as the price for land conveyed or dedicated by Jelin for the opening of a new street. The bill and accompanying affidavit charges irregularity in the municipal proceedings looking to the opening of the street, and also that the price to be paid for it is exorbitant. On filing the bill an order to show cause why an injunction should not issue pursuant to the prayer was made, with an *ad interim* restraint against paying the money only.

The first ground, irregularity in the proceedings to open the street, cannot be successfully invoked in this court. Vice-Chancellor Van Fleet, in *McKinley* v. *Freeholders of Union, 29 N. J. Eq. 164* (at *p. 174*), said:

"Something more than mere error or irregularity must be shown. * * * No fraud is charged or shown. In this condition of affairs it is apparent the complainants are in the wrong forum. The supreme court is the proper tribunal to review the action of inferior tribunals, and to correct the errors and irregularities of the subordinate agencies of government. *Morris Canal Co.* v. *Jersey City, 12 N. J. Eq. 252.* Cases

may arise involving the same questions presented by this case, which it will be the duty of this court to take cognizance of and determine, but to render such action proper they must be marked by some well-defined equity not discoverable in the record of this case as it now stands."

Other cases illustrative of the doctrine mentioned are: *Lewis* v. *Freeholders of Cumberland, 56 N. J. Law 416, 418, 419; Ferguson* v. *Passaic, 60 N. J. Law 404, 405; Browning* v. *Freeholders of Bergen, 78 N. J. Law 289, 290.*

If the price to be paid by the city to Jelin is so excessive as to shock the conscience, the court may properly interfere by injunction to save the city's money from willful waste or fraudulent diversion, but the proofs before me in this case show the contrary to be the fact, that is, they show the land to be worth the price agreed to be paid. In this posture of the case the defendants are entitled to prevail.

The injunction prayed for will be denied and the order to show cause will be dissolved. The defendant Jelin is entitled to costs on the answering affidavits filed by him. Such taxation will extend down to and include the affidavit of John J. Morrison. No taxation will be allowed for the newspaper clippings, or statement annexed to the affidavits.