ELLA STAGG, complainant-appellant,

*v.*

KATHRYN F. McCANN, individually and as administratrix *ad prosequendum* of the estate of L. Lloyd McCann, and New York, Susquehanna and Western Railroad Company, defendants-respondents.

[Argued March 7th, 1924. Decided May, 1924.]

1. The court of chancery has no jurisdiction to interfere with the pleadings and procedure of a common law court.

2. Where one applied to the common law court to be made a party to a suit in that court, which application was refused, and then filed a bill in equity praying an injunction to restrain the prosecution or settlement of the action in disregard of the complainant's alleged rights, such bill should be dismissed for want of jurisdiction of the court of chancery.

3. *Key* v. *Paul, 61 N. J. Law 133,* approved and followed.

On appeal from a decree advised by Vice-Chancellor Lewis dismissing complainant's bill of complaint, whose opinion is reported in *95 N. J. Eq. 53.*

*Messrs. Kent & Kent* (*Nathaniel Kent,* of counsel), for the appellant.

*Mr. Edward F. Merrey,* for the respondent Kathryn F. McCann.

*Mr. Edward A. Markley,* for the New York, Susquehanna and Western Railroad Company.

The opinion of the court was delivered by

KALISCH, J.

Kathryn F. McCann, widow of the L. Lloyd McCann, deceased, brought her action in the supreme court, under the "Death act," against the New York, Susquehanna and Western Railroad Company, to recover the pecuniary loss sustained by her, by reason of her husband's death, which she alleged in her complaint was the result of negligence on part of the defendant railroad company. In her complaint, filed in the supreme court, she named herself as the sole person under the "Death act" entitled to recover, notwithstanding the fact that the decedent left him surviving his mother, with whom he was living at the time of his death. Thereupon, the complainant, mother of the decedent, applied to a justice of the supreme court for an order directing Kathryn McCann to insert the name of the complainant in her complaint, filed in the supreme court, as one of the next of kin for whose benefit, also, the action should be prosecuted by the administratrix, Kathryn McCann. The justice refused to grant the application. Thereupon, the complainant filed her bill of complaint in the court of chancery praying for an injunction to restrain the administratrix from prosecuting her action against the railroad company and to restrain the railroad company from compromis-

ing or settling the action in disregard of the complainant's rights; and that the administratrix be directed and ordered to amend her complaint in the New Jersey supreme court, so as to show that the complainant is one of the heirs and next of kin of the decedent.

The learned vice-chancellor dismissed the bill of complaint, after a consideration of the merits, upon the ground that the bill disclosed no equity.

The facts set forth in the bill of complaint fail to disclose any jurisdiction in the court of chancery to deal with the matter. Giving to these facts their normal significance and weight in favor of the complainant, they show nothing more than an attempt to obtain the interference of a court of equity with the pleadings and procedure of a common law court, without any proper basis, which course cannot be tolerated. The bill should have been dismissed upon the ground of lack of jurisdiction, in that the complainant had a complete remedy at law.

Section 4 of the new Practice act provides: "Subject to rules, all persons claiming an interest in the subject of the action and in obtaining the judgment demanded, either jointly, severally or in the alternative, may join as plaintiffs, except as otherwise herein provided."

Section 8 provides: "The court may determine the controversy as between the parties before it, where it can do so without prejudice to the rights of others; but where a complete determination cannot be had without the presence of other parties, the court may direct them to be brought in. Where a person, not a party has an interest or title which the judgment will affect, the court, on application, shall direct him to be made a party."

The complainant, in the present case, did apply, as already pointed out, to one of the justices of the supreme court for the order in question, and that application having been denied, the proper course for the complainant to pursue was to apply to the court itself, according to *Key* v. *Paul, 61 N. J. Law 133.*

In *Van Hoogenstyn* v. *Delaware, Lackawanna and Western Railroad Co., 90 N. J. Law 189,* Mr. Justice Swayze, speaking for this court (at *p. 190*), said: "The proper practice is pointed out in *Key* v. *Paul, 61 N. J. Law 133,*" and further on, at the same page, continued: "The deprivation of a review does not necessarily follow since there is an appeal from the single justice to the court *in banc* in one of its parts under *Key* v. *Paul.*" It follows, therefore, as a matter of course, that if the court *in banc,* in the present case, had also refused complainant's application, the matter being one involving a substantial right to which she laid claim, she would, under the cases of *Eames* v. *Stiles, 31 N. J. Law 490; Defiance Fruit Co.* v. *Fox, 76 N. J. Law 482; Knight* v. *Cape May Sand Co., 83 N. J. Law 597,* be entitled to an appeal to this court.

As the case is improperly here, by reason of the improper procedure, in applying to the court of chancery for relief, which court had no jurisdiction of the matter, we express no opinion on the merits of the controversy between the parties. The decree below, dismissing complainant's bill, must be affirmed, but solely upon the ground that the court of chancery was without jurisdiction of the cause.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON—14.

*For reversal*—None.