This bill is filed to restrain the defendants "from interfering with, hindering or stopping the work of construction" on a building in the town of Belleville, which the complainant has in process of erection, and "from revoking the building permit issued" for such erection, and "from arresting any of complainant's officers, agents or employes" engaged in the work on said building. The town of Belleville is governed by a board of five commissioners under what is commonly known as the "Walsh act." The board of commissioners has adopted a building code and a zoning ordinance by which latter the town is divided into various zones for residence, business and industrial purposes. Commissioner Carragher is the director of the department of public improvements, and the building department comes under his jurisdiction. The defendant Blank is the building inspector charged with the duty of issuing building permits under the building code.
In September, 1926, the complainant, desiring to erect an apartment house in one of the residential zones, made application to the building inspector for a building permit, which was refused, because its erection as planned would be violative of the zoning ordinance. Thereupon, complainant appealed to the board of adjustment, under chapter 146 (P.L. 1924 p. 327), and that board proceeded to consider said appeal. Pending the disposition of this appeal and pursuant to directions from Commissioner Carragher, a so-called "temporary permit" *Page 242 
was issued under the terms of which the complainant was permitted to proceed with his proposed work until October 26th, 1926. He actually continued work for several days thereafter, and until stopped by the municipal authorities. Consideration of said appeal by the board of adjustment was continued from time to time until November 9th, 1926, at which time a public hearing was had and considerable sworn testimony taken. The minutes of the meeting on November 9th show that at the close of the meeting the complainant presented a letter addressed to the board, in which it stated that it "hereby withdraws and abandons its appeal." This letter seems to have been presented to the chairman of the board at or near the close of the meeting, and no official action, either on the appeal or the letter was taken. On November 8th, 1926 (the day previous to that on which the meeting last referred to was held), while complainant's appeal was still pending before the board of adjustment, defendant Blank, pursuant to the direction of Commissioner Carragher, issued a formal building permit to the complainant for which it paid the regular fee of $243. This being called to the attention of the board of commissioners, that board, at a meeting held on the morning of November 10th, but not attended by Commissioner Carragher, directed the building inspector to revoke the permit. Pursuant to these instructions the inspector stopped the work on complainant's building, removed the permit from the premises, and posted a stop-notice thereon. The complainant's employes first refused to desist and were threatened with arrest by the inspector. This suit was begun on November 12th. On November 15th the commission again met and directed the return of the permit fee to the complainant, which was tendered, but refused.
It is contended by the complainant that the board of commissioners had no power to revoke or direct the revocation of the regular building permit issued at the direction of Commissioner Carragher on November 8th, inasmuch as he was solely vested with authority of this department; that he alone had the power to cause such permits to be issued, and that *Page 243 
he alone, if anyone, had the power of revocation. This on the authority of the provisions of the Walsh act, as amended.Herbert v. Atlantic City, 87 N.J. Law 98; Foley v. EastOrange, 91 N.J. Law 554, and Apple v. Atlantic City,104 Atl. Rep. 89, and similar cases.
On the other hand, it is contended by the defendants that issuance of this permit at the direction of the commissioner was unwarranted because at the time of its issuance this whole controversy was before the board of adjustment on the appeal of the complainant, and that his subsequent attempted withdrawal of the appeal was ineffective.
It is unnecessary for me here to determine either the respective rights and jurisdictions of the individual commissioners of the town of Belleville under the Walsh act, or the right of the board of commissioners to direct the revocation of the permit issued at the instance of Commissioner Carragher, as it clearly appears to me that at the time of the issuance of this permit and at the time of the meeting of the commissioners at which the building inspector was directed to revoke the permit, the matter was still before the board of adjustment on appeal, and in my judgment is still in the hands of that body. After the appeal was taken, and until the board of adjustment had disposed of the appeal by some official action, neither the commission as a whole, nor Commissioner Carragher, nor the building inspector, had any authority whatever in the matter.Eaton v. City of Newark, 128 Atl. Rep. 377; ChancellorDevelopment Corp. v. Senior, 4 N.J. Mis. R. 633.
"An appeal (to the board of adjustment) stays all proceedings in furtherance of the action appealed from." P.L. 1924 ch. 146p. 327.
Any decision of the board of adjustment is subject to judicial review. P.L. 1926 ch. 315 § 2.
It is true that the minutes of the meeting of the board of adjustment held on November 9th show that an application was made by the complainant to withdraw and abandon its appeal, but neither the minutes nor any of the affidavits filed in this cause indicate any official action by the board on *Page 244 
this application. The whole matter had at that time been heard through the course of numerous board meetings, and considerable sworn testimony had been taken at this meeting; but, apparently, no final consideration had been had and no decision had been rendered. After having submitted this issue to the board of adjustment on appeal, and the various parties in interest having appeared and been heard, the complainant could not withdraw the appeal without the consent of the municipality or the officer from whose decision the appeal was taken. The regular permit issued at the direction of Commissioner Carragher on November 8th, while the appeal was still pending, was a nullity, and even if the appeal was thereafter withdrawn or dismissed, that would not give life to a void permit. This matter being still before the board of adjustment, there is no occasion for invoking the aid of this court. There is a complete and adequate remedy at law, either by mandamus or certiorari. Equity will not interfere where the complainant has a complete and adequate remedy at law. Agens v. Agens, 50 N.J. Eq. 566; Stag v.McCann, 96 N.J. Eq. 327; Franklin v. Crane, 80 N.J. Eq. 509;Smith v. Freeholders of Essex County, 48 N.J. Eq. 627;McCormick v. New Brunswick, 83 N.J. Eq. 1. No restraint has been imposed on the defendants in this suit, and the application for preliminary restraint will be denied. I will advise a decree in accordance with these conclusions.