This matter is before me on return of an order to show cause why complainants should not have the relief prayed for in the bill of complaint, and restraining the defendant David Harper and the board of adjustment of the city of Newark from revoking a permit issued to the complainant on November 8th, 1933, by the superintendent of buildings for an addition to an existing gasoline station at numbers 789-791 Sandford avenue, Newark, New Jersey, to be used as an automobile laundry.
Acting upon the permit, the work of erecting the addition was commenced, and a portion of the addition was constructed when complainant was notified on December 8th, 1933, that an appeal from the decision of the superintendent of buildings granting the permit had been filed with the board of adjustment and hearing on the appeal ordered for *Page 356 
December 20th, 1933. On that date the hearing was adjourned for two weeks, and in the interim the bill of complaint was filed praying that the board of adjustment of the city of Newark "be restrained and enjoined from in any manner revoking, rescinding, modifying or otherwise interfering with the permit heretofore issued by the superintendent of buildings of the city of Newark to the complainant."
Under the provisions of P.L. 1928 ch. 274 p. 696 § 9:
"Appeals to the board of adjustment may be taken by any person aggrieved * * * affected by any decision of the administrative officer. Such appeal shall be taken within a reasonable time * * *." The act further provides that "in exercising the above-mentioned powers such board may, * * * reverse or affirm, wholly or partly, or may modify the order, requirement, decision or determination appealed from, and may make such order, * * * decision or determination as ought to be made, and to that end have all the powers of the administrative officer from whom the appeal is taken." The action of the board of adjustment is subject to judicial review by writ of certiorari, for which application must be made within thirty days after filing of the decision in the office of the board. The complainant must exhaust the remedies through such agencies as the legislature has set up for that purpose. Florenzie v. City of East Orange,88 N.J. Law 438; Eaton v. City of Newark et al., 128 Atl. Rep. 377.
The question of the validity of the permit in question is now before the board of adjustment. The orderly procedure for hearing in a summary way provided for by the statute will not be interfered with and the legislative policy thwarted by interference with such procedure. McCormick v. The Mayor andCommon Council of the City of New Brunswick et al., 83 N.J. Eq. 1.
Moreover, equity will not interfere where the complainant, as here, has a complete and adequate remedy at law. Gibbs Building,c., Co. v. Town of Belleville et al., 100 N.J. Eq. 240;Ostrowsky et al. v. The City of Newark et al., 102 N.J. Eq. 169.
The order to show cause is discharged. *Page 357