Complainant comes to this court on an order to show cause why defendants should not be restrained from proceeding under an execution and an examination in supplementary proceedings thereunder. In his moving papers complainant alleges that on March 26th, 1919, defendants recovered a judgment against complainant by the name of Louis Doblin, that said judgment was docketed in the court of common pleas on the 7th day of April, 1919, and in the supreme court on *Page 437 
the 10th day of April, 1919; that complainant filed a petition in bankruptcy on the 12th day of January, 1921, and on the 6th day of September, 1921, he received a discharge in bankruptcy. Defendants were not listed in the schedules in bankruptcy as creditors either under the judgment or otherwise, but complainant asserts that he notified defendants of the bankruptcy proceedings so that they could have filed their claim in bankruptcy before any distribution of assets was made therein. Defendants deny the giving of the notice as alleged by complainant. It seems to be well established that the federal courts will not restrain the collection of a judgment even though it has been discharged in bankruptcy, but will leave the debtor to his relief in the state courts in which the judgment was obtained until after the state courts have refused to grant the relief. Hellman v. Goldstone,20 Am. Bank. Rep. 539; Matter of Julius Weisberg, 42 Am. Bank.Rep. 616; Matter of Havens, 46 Am. Bank. Rep. 711.
But in my opinion complainant had adequate remedy at law and accordingly this court has no jurisdiction to grant the relief prayed for. The law court has ample power to stay an execution. The law courts of this state have frequently done so in cases identical with the present one. In Linn v. Hamilton,34 N.J. Law 305, the court says (at p. 306): "With respect to discharges under insolvent laws, `as a general rule, a defendant is bound to plead his discharge, if obtained in season; and if obtained pendente lite, he may plead it puis darrein
continuance. If, however, the discharge is not obtained in season to be pleaded, the defendant will be allowed the benefit of it, by motion or otherwise, according to the nature of the measure taken against him or the proceeding from which he seeks relief,' per Ewing, Chief-Justice, Lloyd v. Ford, 7 Halst. 151. The remedy by audita querela having fallen into disuse, the same practice has been adopted of giving relief on summary application, where the person or property of a bankrupt is taken under process issued on a judgment upon which the discharge operates; and the remedy is in the court out of which the execution issued. * * * But the court will not discharge without giving the plaintiff an opportunity to show that the discharge is inoperative as *Page 438 
against his debt, and, when necessary, will direct an issue to try the facts." This case was followed in Williams v.Humphreys, 50 N.J. Law 500. The court granted a perpetual stay of proceedings to collect the judgment. Both of these cases were cited and followed in Barnes Manufacturing Co. v. Norden,67 N.J. Law 493. To the same effect is Whyte v. McGovern,51 N.J. Law 356.
It would clearly appear that the complainant in the instant suit has available to him a complete and adequate remedy at law and that the court of law has ample power to decide the question whether in fact defendants had such notice of the pending bankruptcy proceeding as to discharge the debt to defendants. Since this court therefore has no jurisdiction, the application for an injunction will be denied.