Complainant's verified bill alleges that it is the owner of premises in Jersey City, whereon is a one-story building used for upward of twenty years for business purposes, but vacant for the past two years. A prospective tenant appeared who required alterations, particularly in the store front, for which the superintendent of buildings of Jersey City issued a permit to complainant November 23d 1938. Complainant awarded contracts for the work, entered into a lease with the tenant for eight years from January 1st, 1939, and subsequently was advised of a hearing on said permit December 13th, 1938, before the board of adjustment of Jersey City, and complainant attended. A number of protestants appeared, none of whom asserted any invalidity in complainant's building permit but who contended that if complainant's tenant was permitted to establish business in complainant's premises, loss would ensue to neighboring merchants. Complainant is informed that the board of adjustment directed the superintendent of building not to permit further work on complainant's *Page 553 
building and police officers have ordered all such work to cease. The premises are open and exposed to the elements and in danger of collapse. December 23d 1938, complainant's contractor was notified that no further plumbing work would be permitted and the plumbing work remains exposed to the elements. Complainant prays a restraint against the city authorities from interfering with work on complainant's building. The matter is before me on verified bill, order to show cause for a temporary restraint and answering affidavits.
Two affidavits were presented on behalf of the defendants, one by the chief plumbing inspector of the Jersey City bureau of health, stating that a permit was issued for replacing certain plumbing fixtures in the premises in question and that he has not interfered, or directed his subordinates to interfere with such work.
The other affidavit is made by a member and acting chairman of the board of adjustment of Jersey City and states that the board was created by a city ordinance as an appeal board to hear and determine appeals from actions of the superintendent of buildings, such ordinance having been adopted pursuant to P.L.1928 ch. 274, under which authority is conferred on municipalities to adopt zoning ordinances. His affidavit is that a written protest or appeal was filed with his board against the permit granted for the alterations in question, signed by three hundred and fifty-four residents of the city; also appeals by several business organizations. Hearing on the appeals was had at a regular meeting of the board, at which complainant appeared by its president and architect and about two hundred and fifty persons were also present and registered as objectors to the permit and requesting the board to set it aside. Subsequently, December 22d 1938, the board decided that the appeal should be granted and the superintendent of buildings was immediately notified to that effect. In revoking the permit the board acted for what it considered the best interests of the people of the city and particularly those living in the vicinity of the proposed structure. Application for the building permit did not disclose the use to which the building was to be put and it developed *Page 554 
at the hearing that it was to be used as a market by a number of separate dealers under one roof. In view of the objection from people in the vicinity and local business men as to the number of automobiles the proposed business would attract, and its proximity to a public school and for other reasons (not stated), which the board considered for the protection of the health, safety and welfare of persons in the vicinity, it was decided to revoke the permit.
The defendant's affidavits do not show that the city had adopted a zoning ordinance affecting complainant's property or, if it had, why such property used for business purposes for the last twenty years, could not be maintained for a nonconforming use after the adoption of a zoning ordinance; neither do the affidavits disclose what objections were stated in the appeal presented to the board of adjustment for revocation of complainant's building permit, nor do they deny complainant's allegation that at the hearing before the board, no one asserted invalidity of such permit and that the sole contention of the appellants was that the business it was proposed to establish in complainant's premises would result in financial loss to neighboring merchants.
The maintenance of a market conducted by several merchants under one roof, is not per se an illegal use of property, no matter how many customers with automobiles may be attracted to it. It is a fair inference to be drawn from the affidavits that the board in revoking the permit, sought to please a large number of protesting voters, rather than give serious attention to the legal rights of complainant, a corporate property owner. I think that the action of the board in revoking complainant's building permit was not based on legal grounds but was arbitrary and entirely illegal, but under the 1928 act the board of adjustment had power to receive, hear and determine an appeal from grant of the permit by the superintendent of buildings and to make such order with respect thereto as ought to be made. On this application for restraint pending final hearing, the defendants deny the jurisdiction of this court to grant such restraint, on the ground that complainant has an adequate remedy at law and should be relegated to the law courts. It does seem to me *Page 555 
that this court has jurisdiction to restrain an illegal and excessive use of authority by municipal officials, to relieve this complainant from danger of immediate and irreparable damage, for which he has no way of securing adequate compensation at law, but I am confronted with opinions in cases quite similar to this, wherein it was held that the action of the board of adjustment is subject to judicial review by certiorari, hence equity should not intervene. Gibbs Building and Construction Co. v.Belleville, 100 N.J. Eq. 240; Ostrowsky v. Newark, 102 N.J. Eq. 169;Dornbusch v. Board of Adjustment of Newark, 116 N.J. Eq. 355.
Having great respect for the opinion of my associates in this court, I must at least doubt the right of complainant to the temporary relief it now seeks, and to doubt is to deny.