This is a suit brought by complainant on behalf of himself and any other stockholder or creditor of defendant General Furniture Manufacturing Co., Inc., who might join with him, for the appointment of a receiver of the corporations and for the reconveyance to the receiver of certain assets now in the hands of the other defendant corporations. Complainant contends that the personal defendant fraudulently induced him to agree to assign his stock in the General Furniture Company to them on their promise to pay him $1,000 for the stock, give him employment and refinance the corporation so as to provide for payment to its creditors.
The $1,000 allegedly promised was not paid to complainant and defendants deny that they ever agreed to pay him this *Page 249 
sum. He was given employment which was discontinued after a short period. The assets of the corporation were bid in on a distress proceeding and the tangible assets were taken over by defendant Quality-Bilt Furniture Co., Inc. One other creditor for the small amount did join in this suit but his claim was settled and he dropped out. It was shown at the hearing that complainant, at the time of the contract asserted by him, transferred all his stock and thereby ceased to be a stockholder. It was not shown that he was a creditor or was there any evidence that there was any fraud practiced upon him. Essentially his claim, if established, would be nothing more than an action for damages and breach of contract because of failure to pay him the $1,000.
This claim, of course, is against the individual defendants. I can not see that he is in any way interested in the alleged manipulation of the assets of the General Furniture Company whereby they came in the possession of the other corporation. His remedy, if any, is at law on the contract. Dornbusch v. Boardof Adjustment of Newark, 116 N.J. Eq. 355; Doblin v. Ross,119 N.J. Eq. 436; Stein v. Elizabeth Trust Co., 126 N.J. Eq. 399.
A decree dismissing the bill on the ground of lack of jurisdiction will be advised.