AMERICAN SAFETY RAZOR CORPORATION, complainant-appellant,

*v.*

HARRY WEISSBARD and MAX WEISSBARD, partners trading as WEISSBARD BROTHERS, defendants-respondents.

[Submitted October term, 1938.   Decided February 6th, 1939.]

*Mr. Isadore Glauberman,* for the complainant-appellant.

*Messrs. Bilder, Bilder & Kaufman,* for the defendants-respondents.

The opinion of the court was delivered by

WELLS, J.

The complainant-appellant, American Safety Razor Corporation, instituted a suit in the court of chancery, praying

for an injunction against the defendants-respondents, Weissbard Brothers. The bill of complaint was based upon the so-called Fair Trade act. *R. S. 56:4.*

Upon the filing of the bill an order to show cause why a preliminary injunction should not issue was allowed by Vice-Chancellor Stein. The defendants filed an answer and affidavits in order to prevent preliminary relief by way of injunction. The matter was fully argued and the preliminary injunction was denied by the vice-chancellor. Complainant thereafter filed a replication joining issue on the answer. Subsequently, and before order of reference was made, complainant filed a notice of motion to dismiss its bill of complaint without prejudice. This motion was resisted by the defendants who at the argument moved to dismiss the bill of complaint *with prejudice* to the institution of a new suit on the issues raised by the bill, answer and replication. The vice-chancellor denied complainant's application to dismiss the bill of complaint *without* prejudice and granted defendants' motion to dismiss the same *with* prejudice and allowed to the solicitors of the defendants the costs of the suit to be taxed in which was included a counsel fee of $250. The decree recited that it was made on motion of counsel of defendants.

The appeal is from that part only of the decree which allowed a counsel fee to the solicitors of the defendants.

The first point argued by appellant is that in view of the statute governing counsel fees, the court of chancery has no power to award counsel fees on the voluntary dismissal of a bill of complaint before trial.

There are several statutory provisions relating to counsel fees applicable to the instant case, the first of which is found in *R. S. 2:29-130* and is as follows:

"Upon complainant's dismissing his own bill in equity, or the defendant's securing a dismissal of the same for want of prosecution, the complainant in the suit shall pay to the defendant his costs to be taxed."

It will be noted that nothing is here said about the allowance of counsel fees—and appellant says that its case is

directly within the provisions of this section of the statute and it is therefore liable for taxed costs only.

There is another provision, *R. S. 2:29-131,* which is as follows:

"In any cause, matter or proceeding in the Court of Chancery the chancellor may make such allowance by way of counsel fee to the party obtaining the order or decree as shall seem to him to be reasonable and proper, and shall direct which of the parties shall pay such allowances" * * *.

There is also a provision, *R. S. 2:29-132,* which clothes the court with wide discretion in awarding costs and counsel fees, as follows:

"The Court of Chancery, upon making any order or decree, may charge the successful party with costs or a reasonable counsel fee, or both, in any case in which the court shall deem it just to do so."

Our examination of the record, the statutes and cases cited on the briefs filed by counsel for the respective parties satisfies us that the court of chancery had the power to make the order allowing counsel fees to the solicitors of the defendants in the instant case.

While it is true that complainant initiated the proceedings resulting in the dismissal of its bill of complaint before trial, we do not regard it as a voluntary dismissal by complainant within the meaning of *2:29-130, supra.* What complainant sought was not an outright dismissal—but a conditional one. What it asked for was an order to dismiss without prejudice to starting a new suit on the same pleadings and allegations of fact; what it got was an order asked for by the defendants, which was a determination of the litigation so far as the present pleadings and allegations of facts were concerned.

If the complainant had simply sought to dismiss its bill, taking whatever consequences might fall in the wake of that disposition, we would be inclined to think that complainant was right in its present contention.

Complainant, however, chose not to take its chances with a mere dismissal, and the result of the dispute was that the

defendants succeeded in obtaining the kind of order favorable to them and they were therefore "the party obtaining the order or decree" within the meaning of *2:29-131, supra,* which entitled them to the counsel fee awarded by the court.

We have examined *In re Welsh, 93 N. J. Eq. 303,* and *Metropolitan Lumber Co. v. Fordham National Bank, 104 N. J. Eq. 248,* cited by appellant in support of its contention that the court was without power under the statute to award the counsel fee in question, and we do not regard either case as in point.

The second and last point argued by appellant is that the action of the court in ordering it to pay a counsel fee to the defendants was an abuse of discretion.

This point was not made a ground of appeal and need not therefore be considered by us. However, we see no merit in it. If the court had the power, and we are satisfied it had, to make the order, it was well within its discretion to have allowed a counsel fee to the defendants. The amount of the counsel fee is not questioned.

The decree is affirmed.

*For affirmance*—TRENCHARD, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFS-KEIL, RAFFERTY, WALKER, JJ. 13.

*For reversal*—THE CHIEF-JUSTICE. HEHER, JJ. 2.