107 N.J. Super. 201 (1969)
257 A.2d 739
MEYER KAPLAN, PLAINTIFF-RESPONDENT,
v.
ELSIE CAVICCHIA, DEFENDANT AND THIRD-PARTY PLAINTIFF,
v.
HUGH ANTHONY LOPEZ, ET AL., THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 27, 1969.
Decided June 26, 1969.
*202 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Julius B. Poppinga argued the cause for appellant and third-party plaintiff (Messrs. McCarter & English, attorneys; Mr. Joseph E. Irenas and Mr. John R. Drosdick, on the brief).
Mr. Morris M. Schnitzer argued the cause for respondent (Messrs. Kasen, Schnitzer & Kraemer, attorneys).
*203 The opinion of the court was delivered by KILKENNY, J.A.D.
Defendant Elsie Cavicchia appeals, pursuant to leave granted under R.R. 2:2-3(a), from an order of the Chancery Division denying her motion for a jury trial of the issues involved in this litigation. Denial was based on the ground that the application for a trial by jury was not timely made, as required by R.R. 4:39-1 and 4:39-2.
R.R. 4:39-3 provides that where a party has a right to trial by jury, the right will be deemed to have been waived, unless trial by jury is demanded as required by R.R. 4:39-1 and 4:39-2  that is, "not later than 10 days after service of the last pleading." A motion by defendant for a jury trial was not made herein until November 4, 1968, after plaintiff had filed a second pretrial conference memorandum dated October 31, 1968. The first pretrial conference, scheduled for about May 31, 1968, had been postponed to enable defendant to bring in additional parties. In her third-party action defendant referred to plaintiff's suit as one seeking to have her declared a constructive trustee. In the second pretrial memorandum plaintiff alleged additionally that defendant's conduct made her guilty of the conversion of plaintiff's securities, allegedly worth $70,000.
Defendant claims justification for the late demand on the ground that plaintiff's complaint in the Chancery Division initially sought essentially equitable relief  a judgment finding that defendant was a constructive trustee of certain securities deposited by plaintiff, an accounting and an injunction restraining disposition of such securities. Under those circumstances there was concededly no right to trial by jury because the case was generally an action in the Chancery Division, in pursuit of equitable remedies. She argues that it was not until the actual pretrial conference that plaintiff allegedly disclosed that her claim was rather one for money damages based upon an allegedly wrongful conversion by defendant of plaintiff's securities. Those securities had been disposed of and were no longer recoverable, *204 presumably by plaintiff. This, avers defendant, altered plaintiff's suit to one at law for conversion, thus entitling defendant to trial by jury. Her motion for jury trial was then made and, according to defendant, was timely because plaintiff manifested the real theory upon which she sought a judgment at the pretrial conference.
However, defendant knew, apparently at the inception of the suit, that plaintiff would not be able to recover the deposited securities because they had already been disposed of by the pledgee or the pledgee's agent. Hence, she was aware that a constructive trust as to the particular securities would probably be unobtainable and an injunction as to their transfer by defendant would prove abortive, in view of the fait accompli. Yet, she never made this fact known to the originally unaware plaintiff or to the court by her answering pleading.
It was not until January 24, 1968, when plaintiff took depositions, that he learned for the first time that most of his securities had been wrongfully converted. On February 1, 1968 equitable relief was sought from the trial court in plaintiff's application for appointment of a receiver for defendant's brokerage accounts. By order of February 8, 1968 defendant was directed to deposit and maintain on deposit securities with a value of at least $100,000 to secure any judgment obtained by plaintiff against her. Such intermediate relief reflects, and the parties knew, that the trial court was exercising its equity powers and negates defendant's belated claim that this is a purely legal action. She never made a motion, supported by an affidavit reciting the facts, for a transfer of the cause from the Chancery Division to the Law Division, on the ground that there was an adequate remedy at law. Upon an order for such a transfer, allowable under R.R. 4:41-3, she could have at least then demanded a trial by jury. She allowed the action to proceed to pretrial conference before demanding trial by jury. Even in the pretrial order, the nature of the action was described as one for equitable relief and equitable issues were listed.
*205 We agree with the trial court that, under the totality of the circumstances, demand for trial by jury was not timely made and defendants conduct did not justify or excuse her noncompliance with the requirement of R.R. 4:39-1 and 2.
There is a further reason for affirming the order under review. This suit was properly instituted in the Chancery Division. The equitable remedies sought have never been withdrawn or abandoned. There has been no amendment of plaintiff's cause of action. See Associated Metals, etc., Corp. v. Dixon Chemical and Research, Inc., 82 N.J. Super. 281, 296-299 (App. Div. 1964), certification denied 42 N.J. 501 (1964). If the securities cannot be recovered, plaintiff may still seek from defendant, if the latter wrongfully converted them, an accounting of the proceeds derived from their disposition, including any profits flowing therefrom, and a judgment declaring defendant a constructive trustee, for plaintiff's benefit, of those proceeds and profits, or any substituted assets. The deposit of $100,000 in securities is by order of an equity court.
Upon the conversion of securities the injured party has an election of remedies. He may sue at law in replevin and obtain his securities, if defendant still has them, plus damages for the wrongful detention. He may also sue at law for money damages in trover for the wrongful conversion. In such case, the damages recoverable would be the highest intermediate value of the securities between the date of the conversion and the date of judgment. Then, too, he may sue in equity for a judgment declaring the wrongdoer a constructive trustee of the securities, or of any money or property derived from their disposition. He may obtain an accounting. There may also be injunctive relief where the facts warrant it. See, too, N.J.S.A. 12A:8-315 (1) and (3), insuring the equitable remedies in the case of a wrongful transfer of securities.
Since this action has been properly in the Chancery Division since its inception, that tribunal may grant complete relief and, where complete equitable relief has become unavailable, inadequate or no longer fully attainable by reason *206 of changed circumstances, equity may grant, and without any right to trial by jury, such substitutionary relief as plaintiff may be entitled to, according to the conscience of the court. See Steiner v. Stein, 2 N.J. 367, 379 (1949).
For the foregoing reasons, the order under review is affirmed. The matter is remanded to the Chancery Division for further disposition, consistent with this opinion.
CONFORD, S.J.A.D. (concurring).
The trial court denied defendant's motion for a jury trial on the simple ground that any right thereto was waived because not demanded within the time fixed by R.R. 4:39-1, i.e., not later than ten days after service of the last pleading directed to such issue. I concur in the affirmance of the order, but solely for the reason that there was no right to a jury trial in the first place. I pass the question as to the timeliness of the demand.
The complaint here alleged, in effect, the fraudulent acquisition and conversion by another, with defendant's aid and knowledge, of plaintiff's stock securities and the subsequent obtaining of such securities by defendant's agent. It asserted that defendant became "constructive trustee" of such securities for the plaintiff (subject to plaintiff's conceded obligation on a loan secured by the securities), and it sought relief through a declaration of constructive trust, an accounting by defendant to the plaintiff for such securities and an injunction against the transfer of or other dealing with the securities by defendant. See N.J.S. 12A:8-315. Damages and costs were also prayed for.
It later developed that defendant had sold the securities in question before the action was brought. An interim order was entered by the trial court directing defendant to deposit with the court securities of a value of at least $100,000 to secure any judgment obtained by plaintiff against her. There was no attempt by defendant to seek leave to appeal from that interlocutory order.
On this phase of the case defendant argues that the equitable character of the case as first filed has been neutralized *207 by the second pretrial memorandum of plaintiff's claim, the gravamen of which is conversion of the stock by defendant  a purely legal cause of action. This assertedly assured plaintiff's right of jury trial regardless of the inclusion in the complaint of what are referred to as equitable "catchwords" such as fraud, accounting, injunction and constructive trust. Cited is Stein v. Elizabeth Trust Co., 126 N.J. Eq. 399 (E. & A. 1939), and cases of similar purport.
Plaintiff's second pretrial memorandum, although describing the action as one "seeking damages for conversion of plaintiff's securities and an accounting therefor," demands as partial relief: "The return in kind of the securities listed in Exhibit A annexed to the complaint * * *." But, of more significance, the pretrial order signed by a judge describes the action as one "to adjudicate defendant a constructive trustee for certain securities, for the conversion of said securities and an accounting therefor * * *."
In view of the pretrial order, I am constrained to disagree with defendant's contention that as of the time of the determination of defendant's motion for jury trial the action had by amendment been delimited strictly to the legal claim of damages for conversion and denuded of its equitable character. There still remained the demand for the equitable remedies of declaration of constructive trust (which would have encompassed tracing the proceeds of any sale of the securities into other property and fastening a trust thereon) and for an accounting. As to constructive trust, see 4 Pomeroy, Equity Jurisprudence (5th ed. 1941), § 1048, p. 104, § 1049, p. 105; as to accounting, see 3 Pomeroy, § 910, p. 577; 4 Pomeroy, § 1421, p. 1078. Inapplicable, therefore, are such cases as Stein v. Elizabeth Trust Co., supra, where no relief was ever demanded in the Chancery court but for a money judgment for wrongful appropriation by defendant of plaintiff's bank account.
The principle clearly applicable here, and not at all changed by the 1947 constitutional merger of law and equity jurisdiction in a single Superior Court, is that "where equity has *208 rightfully assumed jurisdiction over a cause for any purpose, it may ordinarily retain the cause for all purposes and proceed to a final determination of the entire controversy, including the establishment [without a jury] of purely legal rights and the granting of legal remedies." Associated Metals, etc. Corp. v. Dixon Chemical, etc., 82 N.J. Super. 281, 297-298 (App. Div. 1964), certification denied 42 N.J. 501 (1964). See also Mantell v. International Plastic Harmonica Corp., 141 N.J. Eq. 379, 393, 173 A.L.R. 1185 (E. & A. 1947); Steiner v. Stein, 2 N.J. 367, 379 (1949).
The order under review should be affirmed.