ELIZA E. COCHRAN, BY HER TRUSTEE, ARNOLD NAUDAIN,

*vs.*

RICHARD E. COCHRAN, ALBERT G. LEWIS, JEFFERSON LEWIS AND PHOCION LEWIS.

*New Castle, Feb. T.* 1836.

It is no ground for relief in equity that the debtor in a judgment is deceased and that there is no personal representative of his estate. The creditor has sufficient remedy at law by raising an administration.

THIS WAS A BILL IN EQUITY for the collection of a balance due upon a judgment, in the alleged absence of a remedy at law. The judgment was for the sum of $2367.58, recovered May 15th, 1809, in the Superior Court for New Castle County, at suit of James Couper Jr., guardian of Eliza Evans vs. Thomas Boulden, administrator c. t. a. of Philip Lewis, deceased. Eliza Evans afterward intermarried with Richard E. Cochran, to whom, after the marriage, July 20th 1812, the judgment was assigned by the guardian, there being then due a balance of $847.70. Afterward, October 15th, 1824, Richard E. Cochran assigned the same judgment to Arnold Naudain, in trust for the separate use of his wife, Eliza E. Cochran. Thomas Boulden, administrator c. t. a. of Philip Lewis, deceased, the defendant in the judgment, was now dead, and no administrator *de bonis non* had been appointed. The bill was filed in order to recover payment out of the real estate of Philip Lewis deceased,—the defendants, Albert Gallatin Lewis, Jefferson Lewis and Phocion Lewis, being his heirs at law and next of kin.

The answer set up as a defence the staleness of the demand, and alleged sundry circumstances raising a strong presumption that the judgment had been paid, or in some way discharged. But the defence mainly relied on at the hearing was that no process had been taken at law to collect the debt out of the personal estate of defendant in the judgment, Philip Lewis deceased.

The cause came before the Chancellor, at the February T. 1836, for a hearing upon the bill, answers, exhibits and depositions.

*R. H. Bayard*, for the complainant.

This is a *chose in action* belonging to the wife and is the subject of a trust. That is sufficient to bring the case within the jurisdiction of this Court. But additionally,

the complainant is without a remedy at law, there being no personal representative of the debtor in the judgment.

*J. Wales,* for the defendants.

The complainant is not without remedy at law. It does not appear that there is not sufficient personal estate of Lewis to pay this debt. The complainant has it in his power to raise an administration and obtain payment of the debt. The Court will not proceed against the land; at least, until the personal estate appears to have been exhausted.

JOHNS JR., CHANCELLOR.—The complainant, by the bill filed in this case, is seeking the recovery of a sum of money due under a judgment assigned to Arnold Naudain.

The legal title, it is alleged, has been transferred by the assignment to Arnold Naudain in trust. The object of the present suit is to enforce the legal right by putting the assignee in possession of the money due on the judgment. There is no question raised relative to the application of the fund. The case presents a claim founded upon a legal right and prosecuted by a party entitled to pursue his legal remedy in the name of the plaintiff in the judgment, unless interrupted by any equity which might exist in favor of the representatives of Philip Lewis, dec'd.

The only ground on which the jurisdiction of this Court is supposed to embrace the complainant's case arises from the want of a party defendant at law, there being no personal representative. But this is not, I apprehend, such a defect as deprives the party of his remedy at law. The creditor has a right to take out letters of administration, and if there are personal assets he may satisfy his debt by retainer; if not, then on application to the Orphans Court he can obtain an order for the sale of the intestate's real estate, and thus reach the land and render it available as

a fund to pay and discharge the judgment. Hence, I am of opinion that in the present case the remedy at law is sufficient; and, therefore, without deciding upon the ques tian of right, I remit the complainant to his remedy at law and order the bill to be dismissed; the complainant to pay the costs.