THE STATE OF DELAWARE,

*vs.*

THE WILMINGTON BRIDGE COMPANY.

*New Castle, Sept. T.* 1838.

The charter of the Wilmington Bridge Company provided that any excess of tolls received by the company over ten per cent. of its capital stock should be paid over to the trustee of the school fund for the use of the fund. The Company were directed to give notice to the trustee of the accruing of such excess, and the trustee was authorized to sue for the same at law. *Held* that, notwithstanding a remedy at law was given by suit in the name of the trustee, a bill in equity would lie in the name of the State against the company for a discovery, account and payment.

BILL IN EQUITY AGAINST A CORPORATION FOR AN ACCOUNT AND FOR PAYMENT OF AN EXCESS OF TOLLS DUE TO THE STATE UNDER ITS CHARTER.—Under the provisions of the Act of the General Assembly incorporating the Wilmington Bridge Company the State of Delaware reserved to itself

any excess of tolls to be received by the company over ten per cent. of its capital stock, and directed that such excess should be paid over to the Trustee of the School Fund, for the use and benefit of that fund. It was made the duty of the company to give notice to the Trustee of any such excess, as the same should from time to time accrue, and also to afford to the Trustee access to the books of the corporation, when thereunto required, in order to ascertain whether at any time such excess of tolls had accrued. A right of action at law to recover the excess was given by the charter to the Trustee. The present bill was filed by the Attorney General, under the direction of a joint resolution of the legislature. It alleged that tolls had accrued and been collected by the Bridge Company, to an amount exceeding the 10 per cent. upon its capital; of which excess the company had neglected to give notice; and also that it had refused to pay over the same to the Trustee of the School Fund, pursuant to the directions of its charter. The bill, therefore, prayed a decree for an account of the tolls collected since the year 1807, the date of the charter, and for the payment of any such excess.

The defendant demurred to the bill, and the cause came before the Chancellor, at the September Term 1838, for a hearing upon the demurrer.

*J. A. Bayard* and *J. Wales*, for the defendant, in support of the demurrer.

The charter of this corporation provides an action at law by the Trustee, as the remedy for the recovery of any excess of tolls received by it. The charter is a contract between the State and the company; and the joint resolution of the legislature, directing a different remedy from that provided for in the charter, is a violation of the contract and in conflict with the Constitution of the United

States.   1 *Black. Com.* 468; 9 *Mod. Rep.* 409; 1 *V. & B.* 226; 2 *Johns. Ch. Rep.* 384; 4 *Wheat. S. C. Rep.* 676.   The remedy of the State is by an action at law.

*W. H. Rogers,* (representing the Attorney General,) for the State.

The resolution of the legislature gives no new right nor remedy, but only directs that a remedy already existing may be adopted.   This Court, by virtue of its general jurisdiction for discovery and account, may entertain this bill; and, as a relief incidental to discovery and account, the Court may decree payment.   Such jurisdiction is not affected by the provision of the charter, giving a remedy by action at law.   The corporation is subject to the general jurisdiction of the Court and to all such remedies as are applicable to the rights and obligations arising under its charter.

JOHNS, JR., CHANCELLOR.—I am of opinion that this Court has jurisdiction.   The charter is the contract between the company and the State.   It was accepted with the liability to account for excess of profits over the ten per cent.   The direction to pay the same to the Trustee of the School Fund was nothing more than the designation and appointment of a person to receive it; and the remedy which he was authorized to adopt applied to the recovery of the excess when it occurred, of which it was the duty of the corporation to apprise the Trustee.   The further power of inspecting the books could only be exercised for the benefit and information of the party to whom the excess over the ten per cent. belonged.   It could not have been designed to impair or take away the right of the party beneficially entitled to adopt the usual remedies, either to enforce an account or compel payment.

Under this charter there can be no question that the

State was entitled to have the excess of profits over ten per cent. paid to its agent; but whether such excess had occurred could only be made to appear by an account of the pecuniary transactions and affairs of the company, if they have omitted to comply with the stipulation on their part. To deprive the State of the only mode of compelling an account would be to impair the interest of the State under this contract. It is true, as has been argued, that there is an action at law given by the charter to the trustee. But that does not afford a complete remedy where, as in this case, a discovery and an account are necessary in order to ascertain whether any and what excess of tolls may have accrued. It is a case of concurrent remedies applying to the same subject matter, but for different purposes; and for the purpose of this bill the remedy at law would be ineffectual.

The demurrer is overruled and the defendant ordered to answer over.