THE TOWNSHIP OF FRANKLIN, respondent,

*v.*

MATHIAS F. CRANE, appellant.

[Submitted July 8th, 1912. Decided November 18th, 1912.]

1. The legal relation of a tax collector toward the township which heserves, in respect to tax moneys collected by him for its use, is not of such a fiduciary character as to be the subject of equity jurisdiction, but is rather that of a debtor toward his creditor, and a court of equity will not entertain jurisdiction of a suit brought by the township against the collector for an accounting by him, and the collection of tax moneys unlawfully appropriated or wasted by him, for the reason that adequate· remedies against him to enforce such accounting and collection are available at law.

2. Discovery alone will not sustain a bill for an accounting.

3. The discovery prayed for by the bill of complaint is not such as will give jurisdiction to a court of equity; it relates, solely, to matters of defence which the complainant anticipates the defendant will set up as to the disbursements by him of tax moneys shown by the bill to have been received by him, and is not matter sought for in aid of the facts· necessary to establish complainant's case.

4. The trusts which equity administers and enforces are, principally, private trusts arising from contracts express or constructive, exhibited generally in writings, or verbal only, except where prohibited by statute. A public office does not rest upon contract, but on duty, and the appropriate forum for the enforcement of official duties is primarily a court of law—by *mandamus* if the duty be clear and the amount involved is not fairly disputable, or by action at law upon the common counts if the· amount claimed be not certain or fixed.

5. The township records show how much money came originally into its· officer's hands, and while the moneys he may have illegally disbursed may be unknown, yet he does not cease to owe them to the municipality. He· is its debtor to that extent, and the proper remedies against him for·

their recovery are those which the courts of law afford. The effect of holding the relation of the defendant to the township to be that of a trustee and cognizable in equity is to deprive him of the right of a trial by jury and the protection of the statute of limitations.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming..

*Mr. Austin H. Swackhamer,* for the appellant.

*Mr. Harvey F. Carr,* for the respondent.

The opinion of the court was delivered by

VREDENBURGH, J.

The bill of complaint in this cause is filed by the township of Franklin, New Jersey, against its former tax collector to obtain a decree for money charged to have been collected and received by him by virtue of his office during the years 1893, 1894, 1895, 1896, 1897, 1898, 1899, 1900, 1901, 1902, 1903, 1904, 1905 and 1906, aggregating the sum of $153,413.64. It charges that after this tax money was so received the defendant made many disbursements thereof without proper or lawful warrant or authority and to divers persons unknown to the complainant. The prayer of the bill is that the defendant discover to what persons, and for what purposes, and upon what warrant and authority he paid out and disbursed the funds of the complainant from time to time, and that he may discover all vouchers or warrants for the payment of funds; that he may account to complainant for the moneys by him received and disbursed, and may be decreed to pay over and refund to complainant all moneys paid out and disbursed by him for the payment and disbursements of which there was no lawful or proper warrant or authority. The bill does not charge that a fiduciary relation of any sort existed between the complainant and defendant with regard to any of the matters set up in the bill respecting the tax moneys sought to be recovered in this suit, nor that such moneys were received or disbursed by the defendant as a trustee for complainant, nor under

any relation partaking of the character of either a public or private trust.

.Demurrer to the bill was filed by defendant setting up, among the causes of demurrer, that the complainant had not by its bill stated such a case as entitled it in a court of equity to any discovery from defendant, or any relief against him as to the matters contained in the bill; that the facts stated in the bill did not bring the cause under any head of equity jurisdiction, and that the complainant had an adequate remedy at law.

The demurrer was overruled by the learned vice-chancellor in an opinion advising an order to that effect. In it he said that the defendant was an officer of the complainant municipality entrusted with duties of a fiduciary nature—that the relation between such an officer and the municipality is essentially the relation of trustee and *cestui que trust,* and that this relation affords ground for equity jurisdiction.

We think this conclusion of the vice-chancellor is based upon an unsound premise, and that the relation of the defendant toward the township in respect to tax moneys collected by him in the performance of his official duties, is not of such a fiduciary nature as to be the subject of equity jurisdiction, but is that rather of a debtor toward his creditor.

The vice-chancellor, in his opinion, says, that few cases of bills in equity against such public officers for an accounting are to be found, but that in the case decided in this court of the *Borough of Rutherford* v. *Alyea, 54 N. J. Eq. (9 Dick.) 411,* no suggestion was made of want of jurisdiction of the court to require an accounting from an officer of a municipal corporation, and that he was unable to distinguish that case from the present. The silence of the opinion of this court upon the point of jurisdiction in that case cannot, I think, be regarded as having the significance or effect attributed to it above   The preliminary and controlling question in that case was the manifestly multifarious character of the bill as framed, and this court met that question at the very threshold, and, deciding that it was clearly multifarious, ordered (of its own motion) the dismissal of the bill.

It is true that this court, in so deciding, also found other reasons why the bill should not be entertained, holding, *inter*

*alia,* that a bill for an account would not be retained when it shows on its face the complainant is informed of all the items of the account, and no relief is prayed with reference to the balance. It was nowhere intimated in the opinion that the nature of the relation of the defendant-collector with the township was fiduciary, but, quite to the contrary, the court evidently regarded such relation as only that of a debtor to his creditor, the distinguished author of the opinion remarking (on page 413 of the case) that "an ordinary action for money had and received would seem to afford the complainant an ample remedy."

An examination of the reports of that case, both in the court of chancery (*53 N. J. Eq.* (*8 Dick.*) *580*) and in this court (*54 N. J. Eq.* (*9 Dick.*) *411*), will make it apparent that this jurisdictional question was neither presented nor argued by counsel, and, presumably, for that reason the opinion of the courts do not advert to such a question.

The trusts which equity administers and enforces are mainly private trusts arising from contracts, express or implied, in law, exhibited generally in writings, or verbal, only, except so far as forbidden by the statute of frauds. *1 Pom. Eq. Jur.* §§ *152, 153; 2 Ibid. 987.* A public office does not rest upon contract, but on duty, and the appropriate forum for the enforcement of official duties is primarily a court of law—by *mandamus,* if the duty be clear, and the amount involved is not fairly disputable (*State, ex rel. Meinzer,* v. *Disbrow, 42 N. J. Law (13 Vr.) 141*), or by action at law upon the common counts if the amount claimed is not certain or fixed.

All the tax money the defendant has paid out without authority of law he still holds, in legal contemplation, to the use of the township, and for that he is liable to respond in an action at law for money had and received. He cannot successfully defend that he has paid the moneys of the township to others than those lawfully entitled to them. Manifestly, he had no more right to disburse the tax funds without the authority of the township, or to persons not legally entitled to them. than to throw the money into the sea.

The defendant held toward the township no trust relation of any kind with respect to tax moneys collected by him. As to

these he was neither a public nor private trustee. While in a popular sense a public office is often called a public trust, it is not so in any proper legal sense, and there is certainly no room for the position that the relation of the collector to the township was that of a trustee administering a private trust.

The records kept by the township show precisely how much money came, originally, into its officer's hands, and while the sums of money he may have illegally disbursed may be unknown, yet he does not cease to owe them to the municipality. He was its debtor to that extent, and the remedies against him for their recovery are those which the courts of law fully afford. The effect of holding that the relation of the defendant to the township was that of a trustee and cognizable, in equity, is to deprive him of the right of a trial by jury, as well as to take away from him the protection of the statute of limitations. In an early leading case (*Foley* v. *Hill, 2 H. L. Cas. 28*) it was held by the house of lords that the relation of banker and customer is not fiduciary in its character, but was regarded by the able equity judges who decided the case (including Lords Campbell and Brougham) as that of debtor and creditor. The doctrine of this decision—that the relation of the banker and its customer is not fiduciary in its character—is applicable, I think, to the situation of the tax collector who is a custodian of the tax moneys of the township. He is a debtor to the township to the extent of its money in his keeping, precisely as is the banker a debtor to his depositor to the extent of the deposits in the hands of the former. For default in their payment to the depositor, upon his demand, it is not open to dispute that the banker would be liable for them in a suit at law. *Smith* v. *Chosen Freeholders of Essex, et seq.*

Professor Pomeroy, in volume 1 of his *Equity Jurisprudence* ¶ *178,* states the general rule thus:

"Where the primary right of the plaintiff is purely legal, arising either from the non-performance of a contract, or from a tort, and the money sought to be recovered as a debt, or as damages, and the right of action is not dependent upon or connected with any equitable feature or incident, such as fraud, mistake, accident, trust, accounting or contribution, and the like, full and certain remedies are afforded by actions at law, and equity has no jurisdiction; these are cases especially within the *sole* cognizance of the law."

33

Respecting the feature of accounting above excepted from the general rule he adds, as follows, viz.:

"Whenever an action at law will furnish an *adequate* remedy, equity does not assume jurisdiction because an *accounting* is demanded, or needed, nor because the case involves or arises from fraud, nor because a contribution is sought from persons jointly indebted, nor even to recover money held in trust, where an action for money had and received will lie."

That the courts of law will furnish the complainant the adequate relief just indicated by Pomeroy can, I think, be easily displayed. Among the official duties required by our statute of the township collector (*Comp. Stat. 1911 p. 5578 § 17*) are the following:

"The collector shall on or before the fifth day of February, annually make to the township committee and file with the township clerk, a full and detailed *account* of his receipts and disbursements as such collector for the next preceding fiscal year, the names of all persons delinquent in the payment of their taxes at the close of such fiscal year together with the amount of taxes due from them respectively, which *account* shall be in writing and verified by his oath."

The township, by force of this statute, has certainly a clear remedy by a writ of *mandamus* issuing out of the supreme court, to compel its collector (in the event he has neglected or refused to perform his duty) to file with its clerk, in writing, under oath, the account of his receipts and disbursements of tax moneys which it is now seeking to obtain by a resort to equity. Not only so, but (unless there is a fair question of dispute as to the amount) to also compel him to perform his further duty to pay over to the township the amount of the tax funds which either are, or should be, in his hands. *State* v. *Disbrow, supra.* If in such a *mandamus* proceeding it should appear there exists a fairly disputable question as to the amount of such moneys due from him, and the *mandamus* proceeding should, for that reason, fall short of complete relief, the township has the additional and adequate remedy to recover from him what may be due it by an action at law against him for money had and received. I think the adequacy of these two remedies, supplementing each

other, must be conceded, and that further discussion on this head is uncalled for, except to quote from the case of *Smith* v. *Chosen Freeholders of Essex, 48 N. J. Eq. (3 Dick.) 627,* where Chancellor Magie, expressing the opinion of this court, said: "The line of division between legal and equitable remedies is fixed in this state by a long course of precedents, and *even legislative authority is forbidden to intermingle these remedies* by the constitutional prohibition against interference with the ancient jurisdiction of the courts." * * * "The result is that respondent, on its own statements, has an adequate and complete remedy at law, and may not, therefore, maintain this bill against appellant."

It is urged that the complainant's bill should have been sustained because of the discovery prayed for, but it is well settled that discovery alone will not sustain a bill for an accounting.

The opinion below concedes that the bill cannot be entertained as a bill for an accounting upon the sole ground that it sought a discovery, and the case there cited of *Daab* v. *New York Central Railway, 70 N. J. Eq. (4 Robb.) 489,* fully supports that view. The decision of the court of chancery in that case holds that where the primary rights of the complainant for the enforcement of which a suit in equity is brought, are *strictly legal,* the mere fact that the bill prays for a discovery presents no ground for extending the jurisdiction of equity to compel the defendant to account. This principle is fully sustained by the numerous authorities referred to on page 491 of the cited opinion, and is in accord with the views we entertain and which we have above intended to express.

The discovery especially prayed for by the bill is not, we think, such as will give jurisdiction to a court of equity; it relates entirely to matters of defence which the complainant anticipates the defendant will interpose as to the payments and disbursements by him of tax funds charged by the bill to have been received by him, and is not matter sought for in aid of the facts necessary to establish complainant's case.

The right of discovery is thus expressed in *1 Dan. Ch. Pl. & Pr. 606,* viz.:

"The principle upon which the cases proceed, is that the right of a plaintiff in equity to the benefit of a defendant's oath is limited to a discovery of such material facts as relate to the *plaintiff's* case, and does not extend to a discovery of the manner in which, or of the evidence by means of which the *defendant's* case is to be established, or to any *discovery of the defendant's evidence."*

*Daniel's, supra* (at *p.* 606), and authorities cited in *note* (2) on that page; *2 Story Eq. Jur.* § *1497; Gelston* v. *Hoyt, 1 Johns. Ch. 543.*

The bill does not show that the facts, discovery of which is sought, are necessary to *complainant's* case, and not facts by which the *defendant* intends to establish his case. They should relate to the case of the party presenting them, and are not to be used for the mere purpose of prying into the case of the adversary. *14 Cyc. 315, 354,* and cases there cited; *Wolters* v. *Fidelity Trust Co., 65 N. J. Law (36 Vr.) 130, 132.*

The order overruling the demurrer is, for the reasons given, reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief-Justice, Garrison, Swayze, Trenchard, Bergen, Voorhees, Minturn, Kalisch, Bogert, Vredenburgh, Congdon, White, Treacy—14.