THE ILLINOIS FINANCE COMPANY,

*vs.*

THE INTERSTATE RURAL CREDIT ASSOCIATION.

*New Castle, Aug.* 7, 1917.

Rev. Code of 1915, § 2627, making all bonds, specialties and notes in writing, payable to any person, or order, or assigns, assignable, and authorizing the assignees or indorsees to sue thereon in their own names, does not apply to a contract giving plaintiff's assignor an exclusive agency for the sale of stock in the defendant company.

An assignee of an unassignable contract can sue in equity in his own name, but at law must sue in the name of his assignor.

Though generally a Court of Chancery is not ousted of its jurisdiction simply because courts of law extend their jurisdiction, the jurisdiction of suits by assignees of unassignable choses in action, formerly exclusive in equity, is not now recognized as even concurrent with law courts, unless adequate relief is not afforded at law. ·

In an action for unliquidated damages for breach of a contract giving plaintiff's assignor an exclusive agency for the sale of stock in the defendant corporation, though the bill stated facts upon which the damages could be assessed without difficulty, if complainant's theory was correct in law, it was not sufficient to sustain the jurisdiction of equity that complainant sued as the assignee of a chose in action.

The relief sought being damages for the breach of the contract, allegations of fraud and collusion between defendant and complainant's assignor could not confer jurisdiction on a court of equity.

That the bill sought a declaration of complainant's rights under the contract, a cancellation of a subsequent assignment by his assignor, or a reinstatement of the contract, did not give jurisdiction, as he did not need any such declaration, cancellation, or reinstatement in order to obtain damages at law.

General interrogatories, attached to the bill making inquiry as to what documents defendant had relating to the matters set forth in the bill, did not authorize equity to assume jurisdiction, as discovery of such documents could be had at law, under Rev. Code of 1915, § 4228, authorizing the court, in actions at law, to order the production of books or writings containing pertinent evidence.

A prayer for an accounting did not give jurisdiction to equity, in the absence of any allegation that it was a mutual or complicated account, or even that there were numerous items.

The jurisdiction of the court of equity respecting accounts, except between fiduciary and beneficiary, or where discovery is requisite to the relief sought, does not exist, where the items are all on one side.

STATEMENT OF THE CASE.    In substance the bill shows that E. H. Watson had made a contract with the defendant company, by which he was given an exclusive agency to sell shares of stock of the defendant company, collect from the purchasers payments for the stock, pay all the expenses of making the sales, such as agents' commissions, office expenses,

etc., and retain from the proceeds as his compensation a fixed percentage thereof of any sales made by him, or otherwise made. It was agreed that the contract could be assigned by Watson. The capital stock of the company of one million dollars had not then been sold. This contract was afterwards assigned to the complainant, with the knowledge of the defendant company. Thereafter the complainant company sold a large amount of stock of the defendant company, and received certain moneys therefor. Later the defendant company denied that the complainant company had any interest in the contract, and prevented the further performance by the complainant of it, though the specific nature of this claim was unknown to the complainant. It was alleged that over $750,000 par value of the stock of the defendant company was unsold, and that the complainant had a right to sell all of this stock and retain commissions amounting to at least $500,000, but that the defendant company deprived the complainant of the profits which would have accrued to it under the contract, and has refused to pay the same to the complainant, and owed the complainant at least $50,000 more for sales made by the complainant, making the aggergate of the claim of the complainant against the defendant $550,000.

The prayers of the bill were (1) to ascertain and establish the rights of the complainant in and to the contract; (2) to cancel a supposed subsequent assignemnt of the contract by Watson to the defendant company; and (3) that the defendant account for and pay over to the complainant all sums due under the contract.

Attached to the bill were general interrogatories as to what contracts, assignments and other papers relating to the matters contained in the bill are in the possession of the defendant company or any agent, officer or other person subject to the control of the company.

To this bill the defendant demurred (1) for want of jurisdiction, there being a remedy at law; (2) because Watson is a necessary party; and (3) there is no ground for equitable relief.

*Marvel, Marvel, Wolcott and Layton*, for the complainant.
*Robert H. Richards* and *James I. Boyce*, for the defendant.

THE CHANCELLOR.   The complainant is the assignee of a contract which, by its terms was made assignable, and the other party to the contract had notice of the assignment. Choses in action are not assignable at common law, and the statute which makes assignable certain kinds of evidences of indebtedness otherwise not assignable and gives to the assignee a right to sue thereon in his own name, does not apply to the contract under consideration.   *Revised Code of 1915*, § 2627, *p.* 1271.

An assignee of an unassignable contract can sue in equity on the contract in his own name, but at law must sue in the name of his assignor.   Whether the provision of the contract making it assignable gave to the assignee thereof a right to sue thereon at law in his own name need not be considered in view of the conclusions reached.

Courts of equity have taken jurisdiction to grant relief to the assignee of a chose in action, because he could there bring the suit in his own name.   It is also true that in general the Court of Chancery is not ousted of its jurisdiction simply, as Lord Eldon puts it, "because a court of law happens to fall in love with the same or a similar jurisdiction."   An interesting and exhaustive statement of this point is to be found in 1 *Whitehouse on Equity Practice*, §§ 21–24, and the author's conclusions are supported in *Story's Equity Jurisprudence*, § 80, and *Pomeroy's Equity Jurisprudence*, §§ 173–189.

The jurisdiction of suits by assignees of unassignable choses in action, formerly exclusive in equity, is not now recognized as even concurrent with law courts, unless it be shown that adequate relief is not afforded at law.   1 *Whitehouse on Equity Practice*, §§ 18, 22; 1 *Pomeroy's Equity Jurisprudence*, § 281; 2 *Story's Equity Jurisprudence*, § 1057b; *Ontario Bank v. Mumford*, 2 *Barb. Ch.* (N.Y.) 596; *Walker v. Brooks*, 125 *Mass.* 241. In 4 *Cyc.* 95, 96, and 5 *C. J.* 203, other authorities are cited. The court in *Walker v. Brooks, supra*, comments on a passage in an early edition of *Story's Equity Jurisprudence, at section*

1057 (*a*), in opposition to the doctrine above stated, and in the later editions a different statement is made. See § 1057(*b*) of 13*th Ed.*

Pomeroy (*Equity Jurisprudence*, [3rd Ed.] § 281) refers to the practical abandonment by equity courts of jurisdiction over suits by the assignee of choses in action as a striking illustration of the change which has taken place, where courts of law have assumed the power to grant a simple, certain and perfectly efficient remedy. The author also says this:

"As a general rule a court of equity will not now entertain a suit brought by the assignee of a debt or of a chose in action which is a mere legal demand."

The point seems to have been passed on by Chancellor Johns in the case of *Cochran v. Cochran*, 2 *Del. Ch.* 17. There the assignee of a judgment filed a bill against the heirs at law of the defendant in the judgment to collect the amount claimed to be due thereon, and the court held that the only ground urged to show jurisdiction, was the fact that there was no personal representative of the deceased defendant, and that this was not sufficient, as there was a sufficient remedy at law. The Chancellor evidently found that as the legal remedies were sufficient the fact that the assignee of the judgment must use the name of the original plaintiff did not of itself justify the court in taking jurisdiction, and the ground urged being inadequate, dismissed the bill. In the later case of *State v. Wilmington Bridge Co.*, 2 *Del. Ch.* 58, the same Chancellor found such other need of equitable relief even for the recovery of a legal demand, viz: a right of a principal to an account from the agent and a need for discovery from the defendant.

In the case under consideration the main relief sought is damages for breach of a contract for service, and the amount is unliquidated, though the bill states the facts upon which an assessment of the damages could be made without difficulty if the complainants' theory on the subject be correct in law. Therefore, if no other ground for equitable relief exists, it is not enough to sustain the jurisdiction of the court that the complainant brings his suit as the assignee of a chose in action.

The complainant recognizing this principle urges that this court has jurisdiction because of the discovery sought and because an account is sought.

The fraud which the complainant says Watson perpetrated, and the assumed though not alleged collusion between Watson and the defendant, cannot confer jurisdiction, for the relief sought is damages for the alleged breach of the contract. Neither does the complainant need any declaration of its rights or a cancellation of the second assignment to the defendant, or a reinstatement of the contract in order to obtain damages at law. Indeed, it is claimed that because of the defendant's notice of the complainant's rights the complainant is entitled to damages notwithstanding the collusive acts between Watson and the defendant company by way of re-assignment, surrender, or otherwise, and Lord Hardwick is cited as authority, in *Le Neve v. Le Neve, Amb.* 436; and also *Pomeroy's Equity Jurisprudence,* § 591, though no authority would seem necessary to support such an obviously true proposition.

Does this court have jurisdiction because of the interrogatories which the complainant has attached to the bill? These interrogatories are very general, being inquiries as to what documents the defendant has relating to the matters set forth in the bill. Assuming that they are proper in form, the complainant may in an action at law for damages for breach of the contract obtain at any time pending the cause discovery of such documents as fully as it could in this court. *Revised Code of* 1915, § 4228. Discovery is not in this case a ground for assuming jurisdiction.

An accounting is prayed for, but there is no allegation that it is a mutual or complicated account, or even that there would be numerous items in it. The jurisdiction of a court of equity respecting accounts, except between fiduciary and the beneficiary, or where discovery is requisite to the relief sought, does not exist where the items are all on one side. 1 *Story's Equity Jurisprudence,* §§ 458, 459. Indeed, if the complainant should sue at law for breach of the contract, the complainant would need no account of sales made of shares or of the expenses incurred in so doing, for this would be the defendant's proof to

lessen the amount of the damages recovered upon proof made of the contract, the assignment of it to the complainant and the refusal of the defendant to permit performance, and the consequent loss. It is not, therefore, a case where equity has jurisdiction to order an account.

In view of the conclusions here reached, it is not necessary to decide whether Watson was a necessary party.

For these several reasons the jurisdiction of this court is not established, and the demurrer to the bill should be sustained.

Let an order be entered accordingly.