LEVI THARP, MARY H. THARP,

*vs.*

ST. GEORGES TRUST COMPANY, a corporation of the State of Delaware.

*New Castle, September 17, 1943*

*George W. Lilly,* for complainant.

*Martin G. Hannigan,* for defendant.

HARRINGTON, Chancellor: The bill alleges that by a contract, in writing, dated August 18th, 1941, Levi Tharp, one of the complainants, agreed to purchase a tract of land in New Castle County, Delaware, for $4,000, and that he paid $1,000 on account; the balance was to be paid on a specified date. He applied to the St. Georges Trust Company, a banking institution doing business at Newport, Delaware, for a loan of $3,000 in order to pay that balance when due. His application was granted, and the loan was to be secured by two mortgages, to be executed by him and Mary H. Tharp, his wife, the other complainant. One of these mortgages was to be a lien on the property about to be purchased; the other was to cover certain property owned by Levi Tharp in Kent County, Maryland. Both were dated October 15th, 1941, were executed and acknowledged by the complainants on or about October 18th of that year, and were due and payable "on the expiration of one year from the date." All negotiations for the loan and the consummation of the transaction, by the execution of the required papers, were handled for the Trust Company by Benjamin Vinton, its vice-president. Immediately after the mortgages had been executed, Tharp noticed that they had been drawn to secure the payment of $4,000 instead of $3,000, which he had intended to borrow, and called Vinton's attention to that fact. The latter replied that certain legal expenses would be incident to the transaction, and the Trust Company was, therefore, making him an additional loan of $1,000. Vinton also stated that whatever the balance might be, after deducting the expenses of searching the title of the property about to be purchased, the preparation of the mortgages, etc., it "would be credited to the complainant in reduction of the face of the mortgage." At the same time, he "procured from" Levi Tharp "a number of checks on the St. Georges Trust Company signed in blank" by the latter. The $4,000 borrowed was deposited to Tharp's

credit in the St. Georges Trust Company, and on October 16th, 1941, the contemplated purchase was completed by the payment of the balance due on the contract price. The deed was made to the complainants jointly, as husband and wife, and the Delaware mortgage, intended to bind thereon, was recorded in the proper office in New Castle County; the mortgage on the Maryland property owned by Tharp was never recorded. After October 16th, 1941, the complainants repeatedly demanded that the defendant render "a statement" of the whole transaction, but their demands were never fully complied with. The only information furnished was: (1) A bank statement of Levi Tharp's account, showing the deposits made, the withdrawals therefrom, and the balances on various specified dates; and (2) a copy of a statement furnished the St. Georges Trust Company by the attorney who had prepared the deed for the property purchased, searched the title and prepared the mortgages, showing disbursements made in connection therewith. A copy of the bank statement is attached to the complainants' bill, from which it appears that it was furnished to Levi Tharp on or about December 15th, 1941. No checks drawn on his account were returned to him. It appears, however, that $4,000 was deposited to his account on October 16th, 1941, and that prior to that time he had a balance to his credit of $13.16. The following sums were withdrawn from his account: October 16th, 1941—$3100 and $100; October 21st, 1941—$21.85, and October 22nd, 1941— $778.15. On December 19th, 1941, the balance of $13.16 was also charged against his account, and it was closed.

A copy of the statement rendered by the attorney for the defendant was also attached to the bill, was dated October 28th, 1941, and was as follows:

"The following is a statement of disbursements made out of check No. 6517 in the amount of $3100 in re Levi Tharp:

Hillside Lodge Inc. .............................................. $3024.00
Notary Certificate ................................................ .50

| | |
|---|---:|
| Recording of Deed and Mortgage | 6.00 |
| Judgment of J. Tyson Heather | 30.62 |
| Taxes for Queen Anne's County | Paid |
| L. Paul Ewell, Esquire | 25.00 |
| Martin G. Hannigan, Esquire | 40.00 |
| Deed-Hillside Lodge, Inc. and Levi Tharp | 5.00 |
| Mortgage and Bond | 5.00 |
| Title Insurance | 20.00 |
| U. S. Documentary Stamps | 4.40 |
| | $3165.52" |

The complainants allege, on information and belief:

(1) That the withdrawals of $3100 and $100 on October 16th, 1941, were made by the St. Georges Trust Company.

(2) That the judgment of J. Tyson Heather against Levi Tharp in Queen Anne County, Maryland, for the payment of which $30.62 was retained, has never been paid or satisfied.

They further allege that they have no knowledge, whatesver, with respect to the disposition of the sums of $21.25, $778.15 and $13.16, which appear to have been withdrawn from Tharp's bank account by checks.

The complainants have been informed that the St. Georges Trust Company intends to institute foreclosure proceedings in the Superior Court for New Castle County on the Delaware mortgage, and allege fraud. For the purposes of this proceeding, all well pleaded facts are admitted by the defendant's demurrer.

In the absence of some equitable circumstances, cases in which the mere recovery of money is sought do not, ordinarily, come within the concurrent jurisdiction of a court of equity. *Bovay, et al., v. H. M. Byllesby, & Co.*, 25 *Del.Ch.* 1, 12 *A.2d* 178; *Cochran v. Cochran*, 2 *Del.Ch.* 17; *Township of Franklin v. Crane*, 80 *N.J.Eq.* 509, 85 *A.* 408, 43 *L.R.A.* (*N. S.*) 604; 1 *Pomeroy's Eq. Jur.*, (*5th Ed.*) §§ 178, 180. More-

over, when the primary rights of the complainants are purely legal, though fraud is alleged and an accounting asked for, equity does not have jurisdiction if there is an adequate and complete remedy at law by an action of assumpsit, or otherwise. *Bovay, et al., v. H. M. Byllesby & Co., supra; Cochran v. Cochran, supra; Buzard v. Houston,* 119 *U.S.* 347, 7 *S.Ct.* 249, 30 *L. Ed.* 451; 1 *Pomeroy's Eq. Jur.,* (5th Ed.) *supra;* see also *O'Neil v. E. I. Du Pont de Nemours & Co.,* 12 *Del.Ch.* 76, 106 *A.* 50; *Illinois Finance Co. v. Interstate Rural Credit Ass'n.,* 11 *Del.Ch.* 349, 101 *A.* 870; *Cochran v. F. H. Smith Co.,* 20 *Del.Ch.* 159, 174 *A.* 119.

The relation between a bank and a mere general depositor of funds is that of debtor and creditor, and is in no sense of a fiduciary nature; and any amount claimed to be due the latter can usually be recovered in an action at law. *National Dredging Co. v. President, etc., of Farmers' Bank,* 6 *Pennewill* 580, 69 *A.* 607, 16 *L.R.A.* (*N.S.*) 593, 130 *Am. St. Rep.* 158; *Foley v. Hill,* 2 *H.L.Cas.* 28; 4 *Pomeroy's Eq.Jur.,* (5th Ed.) § 1421, *p.* 1081. Moreover, the mere relation of principal and agent does not permit the filing of a bill for an accounting. *King v. Rossett,* 148 *Eng.Reprint* 820; *Dorman v. Crooks State Bank,* 55 *S.D.* 209, 225 *N.W.* 661, 64 *A.L.R.;* 614; 4 *Pomeroy's Eq. Jur.,* (5th Ed.) 1079. But equity will assume jurisdiction in cases where there is a special relation of trust and confidence between the parties, and the matters for which an accounting is sought are peculiarly within the knowledge of the agent. *Davis v. Marshall,* 114 *Va.* 193, 76 *S.E.* 316, *Ann. Cas.* 1914B., 1025; *Dorman v. Crooks State Bank, supra;* 4 *Pomeroy's Eq. Jur.,* (5th Ed.) 1079; see also *Illinois Finance Co. v. Interstate Rural Credit Ass'n., supra;* 32 *Ann.Cas.* 1028, 1029, *note.*

The facts alleged and admitted by the demurrer indicate that Tharp relied on the St. Georges Trust Company to apply the money borrowed and deposited to his account in payment of the balance due on the property which he had agreed to purchase, and on which the Delaware mortgage was to be

a lien, and also in payment of the necessary legal expenses incident to those transactions; any balance was to be applied on the principal of the mortgage debt. The checks signed in blank by Tharp, were given to Vinton, as vice-president of the Trust Company, for no other purpose; but other payments, the purpose of which the complainants have no knowledge, seem to have been made and the checks used have not been returned to the maker. While not expressly alleged, there seems to have been a relation of principal and agent between Tharp and the Trust Company, of a fiduciary nature, which may justify a bill in equity for an accounting, and, therefore, a full disclosure of the entire transaction. This may be true, though it does not appear that the transactions between the parties were of a complicated nature (4 *Pomeroy's Eq.Jur.,* (*5th Ed.*) 1079) ; but as that particular question has not been raised, it seems unnecessary to determine it. At any rate, this court has jurisdiction. Should the proceedings to foreclose the Delaware mortgage be started in the Superior Court, the complainants could not litigate their alleged right to a credit on the principal debt by a plea filed in that proceeding, when no such payment was actually made. Their defensive remedy in that court would, therefore, be wholly inadequate, and the threatened proceedings should be enjoined. See *Burton v. Willin,* 6 *Houst.* 522, 22 *Am. St.Rep.* 363; *Shreve's Adm'r. v. Wells,* 2 *Houst.* 223.

The defendant's demurrer to the complainants bill is overruled, and an order will be entered accordingly.