**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3023
_____

CPA NINA SHAHIN,
                    Appellant

v.

DELAWARE FEDERAL CREDIT UNION
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-10-cv-00475)
District Judge:  Honorable Leonard P. Stark

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 9, 2014
Before: RENDELL, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: February 9, 2015)
_____

OPINION[*]
_____

PER CURIAM

        On May 10, 2010, Appellant Nina Shahin deposited a check in the amount of

$2,500 into her Golden Advantage checking account at the Delaware Federal Credit

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not

Union ("DelOne"). The check was drawn on her daughter's account at Wells Fargo Bank in Portland, Oregon. DelOne placed a two-business day "local hold" on the check pending verification. Because it appeared to bank employees that the signature line did not match the handwriting on the remainder of the check, and the check could not be immediately verified by Wells Fargo, the check was transferred into Shahin's savings ("Shares") account and placed on a fifteen-day "non-verified" hold. The next day Shahin received a letter from DelOne dated May 10, 2010, advising her of the extended hold and informing her that the funds would be available as of June 1, 2010. The funds were withdrawn from the Wells Fargo account on May 10, 2010. On May 12th, and again on May 14, 2010, a payment from Shahin's Golden Advantage account to Bank of America was denied for insufficient funds. As a result, DelOne imposed two $30 penalties for "non-sufficient funds" (NSF). Also, on three separate occasions, DelOne transferred monies from the Shares account to the Golden Advantage account to cover payments; as a result, DelOne imposed fees totaling $6.00.

In 2010, Shahin filed two complaints against DelOne under the Expedited Funds Availability Act, ("Funds Act"), 12 U.S.C. § 4001 et seq., implemented through Regulation CC, 12 C.F.R. pt. 229 (2004). The actions were consolidated. Shahin alleged that DelOne failed to provide her with proper notice of the extended hold as required under 12 C.F.R. § 229.13, and timely access to her funds. In a subsequent amended complaint, Shahin alleged claims under "common law principles of 'principal-agent

constitute binding precedent.

relationship' and breach of fiduciary duties and the definition of 'frauds and swindles' provided in 18 U.S.C. § 1341." In addition to actual damages and costs, Shahin sought $1,000,000 dollars "for court fees, loss of time, and damage to her health."

The parties cross-moved for summary judgment. The District Court granted partial summary judgment to Shahin after determining that DelOne violated 12 C.F.R. § 229.13(e)(2) by assessing NSF and transfer ("overdraft") fees without giving proper notice. The District Court also granted partial summary judgment to DelOne on Shahin's claims under 18 U.S.C. § 1341, and the remaining Funds Act claims. The Court then entered an order directing the parties to meet and confer and file a status report "as to how and what schedule this case should proceed." In compliance with the judgment, DelOne credited Shahin's bank account in the amount of $66.00, covering DelOne's NSF and transfer fees. Subsequently, DelOne notified the District Court that it had twice made an offer of judgment to Shahin pursuant to Fed. R. Civ. P. 68, in the amount of $1,000, the maximum amount for which it could be liable to Shahin for the notice violation. See 12 C.F.R. 229.21.[1] Based on these offers, on March 7, 2014, the District Court dismissed the complaint as moot and entered judgment in favor of Shahin in the amount of $1,000. The District Court retained jurisdiction for a determination as to costs. The Court ultimately re-entered judgment in accordance with its March 7th opinion and order, and this appeal ensued.

---

[1] Shahin's motion to file a supplemental appendix to include the offers of judgment is granted.

3

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment. Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). For the following reasons, we will affirm in part, and remand in part.

Shahin claims on appeal that the District Court failed to award sufficient actual damages. Specifically, she argues that she was entitled to court-related damages such as the costs associated with subpoenas and depositions. Pursuant to 12 C.F.R. § 229.21, a depository institution that fails to comply with the notice provision of § 229.13(e) with respect to any person:

(a) . . . is liable to that person in an amount equal to the sum of –

(1) Any actual damage sustained by that person as a result of the failure;

(2) Such additional amount as the court may allow, except that—

(i) In the case of an individual action, liability under this paragraph shall not be less than $100 nor greater than $1,000; and . . .

(3) In the case of a successful action to enforce the foregoing liability, the costs of the action . . .

In her complaints, Shahin stated that her actual damages included NSF charges of $70 by Bank of America, $6.00 in transfer fees by DelOne, and "interest charge[s] for the amount[ ] of outstanding balances accumulated over a year." In her motion for summary judgment, Shahin asserted only that DelOne imposed $60 in NSF charges and $6.00 in transfer fees. The summary judgment record supported the District Court's finding that DelOne was liable to Shahin for the NSF and "overdraft" fees it imposed; those actual

4

damages totaled $66.00.  At the summary judgment stage, Shahin failed to argue or provide evidence to support any other claim for actual damages.

DelOne was subject to liability to Shahin for penalties under § 229.21(a)(2).  Its offer of judgment in the amount of $1,000 was the maximum amount allowable under that provision.  Having succeeded on her notice claim, Shahin was entitled to recover the costs of the action, *in addition to* her damage and penalty awards, under § 229.21(a)(3).[2] However, pursuant to Rule 68(a), if an offer of judgment is unaccepted, and "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."  The Supreme Court has held that Rule 68 "costs" include all costs properly awardable under the statute or other authority that is the basis for the underlying claim.  Marek v. Chesny, 473 U.S. 1, 8-9 (1985).  Shahin refused to accept either of DelOne's offers of judgment, and the District Court entered judgment in the amount of the offers; accordingly, she is liable for the costs of the suit that accrued after the November 7, 2011 offer of judgment.

In a status report to the District Court, DelOne waived its right to payment of any costs accrued after November 7, 2011, and indicated that it believed Shahin had not accrued any costs prior to that date.  The District Court made no findings with respect to damages, but rather re-entered judgment, per its March 7, 2014 opinion, in the amount of

---

[2] The District Court properly rejected Shahin's argument that she was entitled to damages under 12 C.F.R. § 229.38, as that provision governs interbank liability for the collection and return of checks.  See generally Bank One Chicago, N.A. v. Midwest Bank & Trust Co., 516 U.S. 264, 268 (1996).

5

$1,000 in favor of Shahin.  However, because it is unclear from the record whether

Shahin had accrued any costs prior to the November 7th offer of judgment, we will

remand to the District Court for a determination on the record as to costs.

Shahin also argues on appeal that the District Court abused its discretion by failing

to address her claim for breach of fiduciary duty, which was based on the transfer of

funds from her Golden Advantage account to her Shares account.  Significantly, Shahin

did not move for summary judgment on this claim.  In ruling on the motions for summary

judgment, the District Court construed her breach of fiduciary duty claim as part of her

claims arising under 18 U.S.C. § 1341, which it properly denied as a matter of law.[3]  In a

motion for a jury trial on the issue of damages, Shahin argued to the Court that it had

failed to address her fiduciary duty claim.  The District Court dismissed her argument,

noting that Shahin had neither properly pled this claim, nor filed a motion challenging the

grant of summary judgment.

We agree with the District Court that Shahin failed to properly plead her breach of

fiduciary duty claim.  While we recognize that Shahin is proceeding pro se and, as such,

her pleadings must be liberally construed, see Haines v. Kerner, 404 U.S. 519, 520

(1972), her pleadings must nonetheless identify a cognizable basis for bringing her

---

[3]  Federal criminal statutes, such as 18 U.S.C. § 1341, do not provide a private cause of
action.  See Cent. Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190
(1994) (refusing to infer a private right of action from a "bare criminal statute"); Andrews
v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007); see also Diamond v. Charles, 476 U.S.
54, 64-65 (1986) (noting that private citizens cannot compel enforcement of criminal
law).

claims. She failed to specify which federal statute (other than § 1341) was the basis for her claim and, to that extent, Shahin failed to establish federal question jurisdiction.[4] To the extent the complaint can be construed to state a claim for common law breach of fiduciary duty, we note that the banker/customer relationship is one of creditor to debtor, which does not give rise to a fiduciary relationship. See generally Paradise Hotel Corp. v. Bank of Nova Scotia, 842 F.2d 47, 53 (3d Cir. 1988); see also Spaulding v. Wells Fargo Bank, N.A., 714 F.3d 769 778 (4th Cir. 2013) (applying Maryland law); Tharp v. St. Georges Trust Co., 34 A.2d 253 (Del. Ch. 1943) ("The relation between a bank and a mere general depositor of funds is that of debtor and creditor, and is in no sense of a fiduciary nature.").

Based on the foregoing, we will affirm in part and remand the case in part for a determination as to Shahin's costs, if any, prior to November 7, 2014.

---

[4] On appeal, Shahin asserts that her "fiduciary duty" claim arises under the "Regulatory Handbook issued by the Office of Thrift Supervision (OTS) of the U.S. Department of Treasury." Even assuming it authorized a suit, we note that the section provided by Shahin governs "savings associations," not credit unions such as DelOne.