**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1764
_____

NINA SHAHIN,
                              Appellant

v.

DELAWARE FEDERAL CREDIT UNION
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-10-cv-00475)
District Judge:  Honorable Leonard P. Stark
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 27, 2016

Before: FUENTES, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 1, 2016 )
_____

OPINION[*]
_____

PER CURIAM

    In 2010, Nina Shahin filed two complaints in the District Court against Delaware

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Federal Credit Union ("DFCU") under the Expedited Funds Availability Act, ("Funds Act"), 12 U.S.C. § 4001 et seq., implemented through Regulation CC, 12 C.F.R. pt. 229 (2004). The actions were later consolidated. Shahin, a DFCU customer, alleged that in May 2010, after she deposited a check into her bank account, DFCU failed to provide her with proper notice that an extended hold would be placed on her account, 12 C.F.R. § 229.13, and timely access to her funds. In a subsequent amended complaint, Shahin alleged claims under "common law principles of 'principal-agent relationship' and breach of fiduciary duties and the definition of 'frauds and swindles' provided in 18 U.S.C. § 1341." In addition to actual damages and costs, Shahin sought $1,000,000 "for court fees, loss of time, and damage to her health."

Following discovery, the parties filed motions for summary judgment. The District Court granted partial summary judgment to Shahin after determining that DFCU violated 12 C.F.R. § 229.13(e)(2) by assessing overdraft fees under the circumstances presented. The District Court also granted partial summary judgment to DFCU on Shahin's claims under 18 U.S.C. § 1341, and the remaining Funds Act claims. The Court then entered an order directing the parties to file a status report "as to how and what schedule this case should proceed." In compliance with the judgment, DFCU credited Shahin's bank account in the amount of $66.00, covering the overdraft fees. Subsequently, DFCU notified the District Court that it had twice made an offer of judgment to Shahin pursuant to Federal Rule of Civil Procedure 68, in the amount of

$1,000, the maximum amount for which it could be liable to Shahin for the notice violation. Based on these offers, on March 7, 2014, the District Court dismissed the complaint as moot and entered judgment in favor of Shahin in the amount of $1,000. The District Court retained jurisdiction for a determination as to costs. The Court ultimately re-entered judgment in accordance with its March 7th opinion and order. Shahin appealed.

Upon review of Shahin's arguments on appeal, we affirmed the District Court's decision to: 1) enter judgment for Shahin in the amount of $1,000; 2) deny Shahin's claims for actual damages above $66.00; and 3) dismiss Shahin's claim for breach of fiduciary duties. See Shahin v. Delaware Federal Credit Union, 602 F. App'x 50, 52-54 (3d Cir. 2015) (not precedential). However, we remanded the case in part "for a determination as to Shahin's costs, if any, prior to November 7, 2011." Id. at 54.

Following remand, and in accordance with our instructions, the District Court reviewed whether Shahin was entitled to reimbursement of costs that she might have incurred prior to November 7, 2011. On August 3, 2015, the District Court entered an order determining that because Shahin had not incurred any costs prior to November 7, 2011, she was not entitled to any reimbursement. Shahin filed a timely motion for reconsideration of that order pursuant to Rule 59(e) of the Federal Rules of Civil

3

Procedure. The District Court denied the motion in a March 11, 2016 order. This appeal followed.[1]

On appeal, Shahin argues that the District Court erred in denying her motion for reconsideration of the Court's August 3, 2015 order (wherein the Court determined that Shahin was not entitled to costs). Although Shahin's appeal of the denial of her motion for reconsideration "brings up the underlying judgment for review," McAlister v. Sentry Ins. Co., 958 F.2d 550, 552-53 (3d Cir. 1992), Shahin was still required to raise arguments in her opening brief with respect to the District Court's August 3, 2015 order. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005). Because Shahin has not done so, any arguments with respect to that order have been waived.[2] See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993); see also LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir. 1995) (stating that although "appellate courts generally do not hold *pro se* litigants rigidly to the formal briefing standards . . . we need not manufacture claims of error for an appellant proceeding *pro se*, especially when [she] has raised an issue below and elected not to pursue it on appeal.").

We review the District Court's denial of a Rule 59(e) motion for abuse of discretion. See Max's Seafood Café ex rel Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). "[A] proper Rule 59(e) motion . . . must rely on one of three grounds:

---

[1] We have jurisdiction under 28 U.S.C. § 1291.

[2] Even if Shahin had not waived her arguments regarding the August 3rd order, the District Court properly concluded that she did not incur any costs prior to November 7,

4

(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  Shahin, in her Rule 59(e) motion, asked for a complete revocation of all prior decisions and that her case be remanded for a jury trial.  However, she did not identify any particular error with respect to the District Court's August 3rd order.  Rather, she generally claimed that the Court's prior rulings violated her constitutional rights.  Because Shahin's arguments do not state valid grounds for relief under Rule 59(e), the District Court did not abuse its discretion in denying her motion.

Finally, to the extent that Shahin presents arguments in her brief challenging the District Court's original March 7, 2014 order, we decline to review them.  We previously decided with finality any arguments pertaining to that order in Shahin's earlier appeal. Our remand was purely limited to a determination of costs.

For these reasons, we will affirm the judgment of the District Court.

2011.