# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SHANNON C. DIEHL-
GUERRERO,

Plaintiff,

v.

HARDY BOYS
CONSTRUCTION, LLC.,
RELIABLE HOME
INSPECTION SERVICES, RHIS,
INC., and WELLS FARGO
HOME MORTGAGE, INC.,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N16C-08-041 CLS

Date Submitted:  March 17, 2017
Date Decided:  March 27, 2017

On Plaintiff's Application for Certification of Interlocutory Appeal
Pursuant to Supreme Court Rule 42.
**DENIED**.

## ORDER

Gary W. Alderson, Esquire, Elzufon Austin Tarlov & Mondell, Wilmington, Delaware, Attorney for Plaintiff.

Kathleen A. Murphy, Esquire, Buchanan Ingersoll & Rooney, Wilmington, Delaware, Attorney for Defendant Wells Fargo Home Mortgage Inc.

**SCOTT, J.**

## Background

On February 28, 2017 this Court entered an Order granting Defendant Wells Fargo Home Mortgage's (hereinafter "Wells Fargo") Motion to Dismiss. The Court's ruling was based on the Plaintiff's failure to state a claim for which relief can be granted under a negligence theory against Wells Fargo. Plaintiff filed an Application for Certification of an Interlocutory Appeal with the Court on March 9, 2017, and Wells Fargo filed a Response on March 17, 2017.

## Parties' Contentions

Plaintiff contends that an Interlocutory Appeal is appropriate because this Court "incorrectly interpreted Delaware law" by relying on *Keith v. Sioris* for conclusion that, as a matter of law, a fiduciary duty does not exist between a creditor and a debtor. Plaintiff claims that *Keith v. Sioris* is merely dicta and does not support a finding that a fiduciary duty does not exist. Further, Plaintiff argues that the Court disregarded Plaintiff's argument that no Delaware case is on point as to whether a mortgagee/mortgagor relationship gives rise to the existence of a duty. Finally, Plaintiff also claims that the Court erred as matter of law when it made factual determinations on an incomplete record. On the other hand, Wells Fargo asserts that Plaintiff's Application should be denied because it fails to meet the criteria set forth in Supreme Court Rule 42(b) because the February 28 Order does not decide a substantial issue of material importance that merits appellate review

before final judgment. Wells Fargo argues that Plaintiff's Application is "essentially a motion for reargument characterized as an application for an interlocutory appeal," and Plaintiff missed the point of the Court's February 28 ruling on Wells Fargo's Motion to Dismiss.

## Discussion

Delaware Supreme Court Rule 42 sets forth the criteria for certifying an interlocutory appeal.[1] The rule states that "[n]o interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment."[2] Further, "[i]nterlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resource."[3] The trial court considers the following factors when deciding whether to certify an interlocutory appeal:

(A) The interlocutory order involves a question of law resolved for the first time in this State;

(B) The decisions of the trial courts are conflicting upon the question of law;

(C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;

---

[1] *See* Supr. Ct. R. 42.
[2] Supr. Ct. R. 42 (b)(i).
[3] Supr. Ct. R. 42 (b)(ii).

(D)     The interlocutory order has sustained the controverted jurisdiction of the trial court;

(E)     The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or a administrative agency from which an appeal was taken to the trial court which has decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;

(F)     The interlocutory order has vacated or opened a judgment of the trial court;

(G)     Review of the interlocutory order may terminate the litigation; or

(H)     Review of the interlocutory order may serve considerations of justice.[4]

Only after the trial court considers the above factors "and its own assessment of the most efficient and just schedule to resolve the case, the trial court should identify whether and why the likely benefits of the interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice. If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."[5]

This Court determines that Plaintiff's Application should be denied. First, the Court notes that Plaintiff's Application is not based on arguments pursuant to Delaware Supreme Court Rule 42. Rather, the Application argues that the Court erred as a matter of law, and the Application is void of an analysis on any of the factors listed under Rule 42(b). Plaintiff's only argument pursuant to Rule 42 is

---

[4] Supr. Ct. R. 42 (b)(iii).
[5] *Id.*

that the issue before the Court is a substantial issue of material importance in this case, which merits appellate review before a final judgment. Although Plaintiff failed to address any of the criteria under Rule 42, the Court finds, after its independent consideration of the factors, that Plaintiff's Application should be denied. The Court finds that none of the factors listed in Rule 42 (b)(iii) apply to the present case. Regarding the first factor listed in Rule 42, Plaintiff's Application does not involve a question of law resolved for the first time in this State. This Application stemmed from Wells Fargo's Motion to Dismiss. The Court determined that Plaintiff failed to plead that Wells Fargo owed Plaintiff a duty under a negligence theory. As the Court stated in the February 28 Order, duty is determined by the Court because it is "entirely a question of law, to be determined by reference to the body of statutes, rules, principles and precedents which make up the law."[6] On a Motion to Dismiss the Court determines whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint.[7] In making its determination, the Court must accept all well-pleaded allegations in the complaint as true and draw all

---

[6] *Pipher v. Parsell*, 930 A.2d 890, 892 (Del. 2007)(citing *Fritz v. Yeager*, 790 A.2d 469, 471 (Del. 2002).

[7] *Spence v. Funk,* 396 A.2d 967, 968 (Del. 1978); *see Cambium Ltd. v. Trilantic Capital Partners III L.P.*, 2012 WL 172844, at *1 (Del. Jan. 20, 2012) (citing *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 537 (Del. 2011)).

reasonable factual inferences in favor of the non-moving party.[8]  The Court agreed

with Wells Fargo, and held that the Plaintiff did not plead any facts that Wells

Fargo was involved in the selection of Mr. Kerrigan.  The Complaint contained no

allegations, beyond Plaintiff's assertion, that Wells Fargo owed Plaintiff a duty

regarding the selection of Mr. Kerrigan.  Similarly, the Court found that to the

extent Plaintiff claimed a fiduciary relationship existed, as a matter of law no

fiduciary relationship exists between a debtor and a creditor.  The Court cited to a

2007 Superior Court decision, *Keith v. Sioris,* stating that a creditor/debtor

relationship does not establish a fiduciary relationship.[9]  Plaintiff asserts that the

Court erred in this determination because this case was merely dicta, and the Court

ignored Plaintiffs argument that Delaware case law is silent on this issue.

Assuming the Court agrees with Plaintiff's argument that *Keith v. Sioris* is dicta,

other cases reaffirmed the principle.  The Third Circuit in *Shahin v. Delaware*

*Federal Credit Union*, noted that "the bank/customer relationship *is one of a*

*creditor to debtor*, which does not give rise to a fiduciary relationship."[10]  The

*Shahin* court cites to *Tharp v. St. Georges Trust Co.,* a Delaware Chancery Court

decision which noted that the "relation between a bank and a mere general

depositor of funds is *that of debtor and creditor,* and is in no sense of a fiduciary

---

[8] *Ramunno v. Cawley,* 705 A.2d 1029, 1034-36 (Del.1998); *Nix v. Sawyer,* 466 A.2d 407, 410 (Del. Super. Ct.1983).
[9] *See Keith v. Sioris*, 2007 WL 544039 (Del. Super. Ct. Jan. 10, 2007).
[10] *Shahin v. Delaware Federal Credit Union*, 602 Fed.Appx. 50, 53-54 (3d. Cir. 2015)(emphasis added).

nature."[11]   The theme behind the determination of these cases is that a fiduciary relationship does not exist between a debtor and a creditor.  Here, the relationship between the parties is that of a debtor and creditor because the issue relates to a loan agreement.  Thus, as the Court determined in its February 28 Order, Plaintiff failed to plead that Wells Fargo owed Plaintiff a duty, which is not a question of law resolved for the first time in this State.  Along the same lines, the factors B through F are not applicable to the present case, nor does Plaintiff make an argument that these factors apply.[12]

To address Plaintiff's claim in the Application, the Court emphasizes that the Court's determination in the February 28 Order was not based on facts outside of the Complaint.  Rather, the Court's determination was centered on Plaintiff's failure to state a claim for which relief can be granted.  Wells Fargo moved to dismiss Plaintiff's Complaint based on Plaintiff's failure to plead that Wells Fargo owed Plaintiff a duty under a negligence claim.  "Whether a duty exists is entirely a question of law, to be determined by reference to the body of statutes, rules, principles and precedents which make up the law; and must be determined by the court."[13]   The discussion of the HUD information was included in the Order to clarify issues brought up at oral argument and in post oral argument briefing

---

[11] *Tharp v. St. Georges Trust Co.,* 34 A.2d 253, 255 (Del. Ch. 1943)(emphasis added).
[12] *See* Del. Supr. Ct. R. 42(b).
[13] *Patton v. 24/7 Cable Company, LLC*, 2016 WL 6272552, at *2 (Del. Super. Ct. Aug. 31, 2016)(citations omitted).

regarding the lender's duty under a HUD agreement. For the aforementioned reasons stated above, Plaintiff's Application for Certification of Interlocutory Appeal is hereby **DENIED.**

        **IT IS SO ORDERED.**

*/s/ Calvin L. Scott*

The Honorable Calvin L. Scott, Jr.